## AKRON (city) v SCALERA

Ohio Appeals, 9th Dist, Summit Co

No 3057. Decided June 13, 1938

Wade DeWoody, Dir. of Law, Akron, and James E. Alpeter, Asst. Dir. of Law, Akron, for appellant

A. J. Bionchi, Akron, for appellee.

## OPINION

By STEVENS, PJ.

This court is called upon in this case to determine the constitutionality of an Akron ordinance—No. 50-1938—duly enacted on March 4, 1938, by the council of the city of Akron. That ordinance in part provides as follows:

"Section 7. No person, night club, restaurant, hotel, or other establishment, shall directly or indirectly sell or furnish any intoxicating liquor, wine, beer or any beverage containing more than one-half of one per centum of alcohol by weight on Sunday, nor between the hours of 1:00 o'clock a. m. and 5:30 a. m. on week days. Provided, however, that the foregoing shall not apply to a holder of a D-3-A or D-5 permit issued by the department of liquor control of the state of Ohio, provided that the establishment operated under such permit is located within a district wherein at least fifty-five per cent. (55%) of the foot frontage of property fronting upon the same side of the street for a distance of three hundred (300) feet in either direction from the premises so used, and exclusive of street intersections, is devoted to uses other than residence uses as defined by the zoning ordinance of the city of Akron.. No such establishment holding such D-3-A or D-5 permit shall directly or indirectly sell or furnish any intoxicating liquor, wine, beer, or any beverage containing more than one-half of one per centum of alcohol by weight between the hours of 2:30 a. m. and 5:30 a. m. on any week day, nor between the hours of 2:30 a. m. Sunday and 5:30 a. m. Monday."

The defendant, Scarlera, was charged by affidavit with violation of the provisions of the foregoing ordinance by selling beer containing more than one-half of one per cent of alcohol by weight on Sunday, March 27, 1938, at 11:10 a. m. At the trial in the Municipal Court, violation of the ordinance was proved, and also admitted by the defendant. At the conclusion of all of the evidence offered, defendant, through his counsel, made a motion to dismiss the charge against him because said ordinance was in conflict with the general law of the state of Ohio, and was therefore unconstitutional. That motion was sustained, and the prosecution dismissed by the trial court, Appeal on questions of law brings the matter before this court for review.

The validity of the ordinance is challenged on three grounds: first, that the ordinance is in conflict with the general laws of the state of Ohio; second, that the ordinance is an unreasonable and unjustifiable exercise of the police power of the municipality; and third, that the state of Ohio has invaded the field upon the subject of the sale of beer and intoxicating liquors and pre-empted all rights to legislate in connection therewith, and that the city accordingly has no right to legislate concerning the sale of beer on Sunday.

Akron is a charter city, vested with all the powers granted by the constitutional Home Rule amendment. In connection with its power to legislate, **Art. XVIII, Sec. 3, of the Constitution of Ohio,** provides:

"Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws."

It is necessary to test the constitutionality of the ordinance in question by the provisions of that constitutional enactment.

The legislature of the State of Ohio, in §6064-1, GC, et seq., enacted what is called the "Liquor Control Act," and by the terms of that act a board of liquor control was created, and vested with certain executive and administrative powers, and also with certain regulatory powers. §6064-3, **GC,** thereof, reads in part as follows:

"The board of liquor control shall have power:

"1. To adopt and promulgate, repeal, rescind, and amend, in the manner herein required, rules, regulations, standards, requirements, and orders necessary to carry out the provisions of this act, including the following:

"* * *

"(1) Rules, regulations, and orders consistent with the provisions of this act, with reference to sales of beer and intoxicating liquor on Sundays and holidays and with reference to the hours of the day during which and the persons to whom intoxicating liquor of any class may be sold, and regulations with reference to the manner of sale."
(Emphasis ours.)

Sec. 6064-22, GC, of the act, provides in part as follows:

"Sales of beer and intoxicating liquor under any and all classes of permits authorized by the liquor control act and from state liquor stores, shall be subject to the following restrictions, in addition to those lawfully imposed by the rules, regulations, or orders of the department, to-wit:
"* * *

"4. Exception under class G permits, no sales of intoxicating liquor shall be made after 2:30 a. m. on Sunday or on any election day between the hours of 5 a. m. and 7:30 p. m.

"Nothing in this section shall prevent a municipal corporation or village from adopting an earlier closing hour for the sale of intoxicating liquor on Sunday or to provide that no intoxicating liquor may be sold on Sunday."

Under the provisions of §6064-1, GC, "beer" is defined as including "all malt beverages containing one-half of one per centum or more of alcohol by weight but not more than 3.2 per centum of alcohol by weight." "Intoxicating liquor" is defined as including "any and all liquids and compounds containing more than 3.2 per centum of alcohol by weight," etc. It therefore follows that the legislature has declared "beer" to be nonintoxicating so far as said act is concerned.

Under the express provisions of §6064-22 (4), GC, supra, a municipality is given the right to regulate with reference to the hours when intoxicating liquor may be sold on Sundays; and, in so far as the ordinance under consideration deals with that subject, it is clearly not in conflict with any provision of general law. Our inquiry is thereby restricted to the question of determining whether or not legislation upon the hours when beer, a nonintoxicating beverage, may be sold on Sundays, contravenes or conflicts with provisions of general law.

Under §6064-3 (i), GC, supra, it seems to the members of this court to be of peculiar significance that when the legislature defined the regulatory powers of the board with reference to sales of beer and intoxicating liquors on Sundays and holidays, it omitted any mention of the term "beer" when it granted to the board the right to promulgate rules, regulations and orders with reference to the hours of the day (Sunday) during which and the persons to whom intoxicating liquor of any class may be sold.

We are of the opinion that a reading of the statutes does not indicate a legislative intent to vest the board of liquor control with exclusive authority to regulate the hours of the day on Sundays during which beer may be sold. If we are right in that conclusion, it then follows that the legislature of the state has not invaded this field upon the subject of the hours of the day on Sundays when beer may be sold, and, accordingly, the legislative body of a charter city may legislate thereon if such legislation does not conflict with existing provisions of general laws. We perceive no such conflict between the ordinance in question and the general laws of the state upon that subject.

Inasmuch as beer, as defined in the liquor control act, has, by legislative fiat, been determined to be a nonintoxicating beverage, this court is of the opinion that it falls into the same category as any other innocuous beverage.

It has been the settled law of this state from very early times that laws relating to the observance of Sunday have been uniformly recognized as legitimate exercises of the police power. This pronouncement occurred as early as Bloom v Richards, 2 Oh St 387. In State v Powell, 58 Oh St 324, a like holding was announced by the Supreme Court of the state of Ohio.

If it be conceded that a charter city, by proper legislation, may prohibit the sale of beer altogether on Sunday within the municipal limits, it follows as a necessary corollary that the municipality has the right to legislate with reference to the hours when beer may be sold on Sunday; and in the absence of a conflict with general laws, which conflict we do not find to pertain in this case, such legislation is, in our judgment, a reasonable exercise of the police

power of the municipality.

We are of the opinion that the trial court erred in declaring the ordin- ▮▮▮▮▮ ▮ ance under consideration to be unconstitutional. We find no basis for such a declaration.

The judgment of the Municipal Court will therefore be reversed, and the cause remanded for further proceedings according to law.

WASHBURN, J, and DOYLE, J, concur.