## GREENVILLE LAW LIBRARY ASS'N. v TAYLOR, et

Common Pleas Court, Darke Co

No 30586. Decided Sept 10, 1941

Paul W. Younker, City Solicitor, Greenville, and Richard E. Hole, Prosecuting Attorney, Greenville, for defendants.

Herman F. Krickenberger, Greenville, for Greenville Law Library Ass'n.

**OPINION**

By BRUMBAUGH, J.

The petition is one for a declaratory judgment construing and interpreting §§3056, 3056-1, 3056-2 and 3056-3 GC, which became effective August 31, 1939. The petition asks the direction of the court in nine different particulars, which will be taken up in order by the court.

FIRST: Which of the offenses named in this petition constitute offenses under the Liquor Control Laws, under the terms of §3056-3 GC.?

The court is of the opinion that the answer to this question is that the offenses within the meaning of the Liquor Control Act are those arising out of and provided for by §§6064-1 to 6064-67a GC, inclusive. These sections were designed to regulate the traffic in intoxicating liquor as distinguished from the penal statutes regulating the conduct of persons in the use of intoxicating liquor, such as §§13194 "Intoxication" and §6296-30 "Driving While Intoxicated". The latter sections not being included.

SECOND: Which of the offenses named in the petition constitute offenses under the State Traffic Laws, or any amendment or modification thereof, under the terms of §3056-3 GC.?

The court is of the opinion that those offenses provided for in former §§6310-15 to 6310-37, inclusive, which were repealed Sept. 6, 1941, and §§7246 to 7251-1, inclusive, together with §§6307-1 to 6307-108, inclusive, being the Uniform Traffic Act as Effective Sept. 6, 1941, constitute the offenses under the State Traffic Laws as contemplated by §3056-3.

THIRD: To whom the Mayor of the City of Greenville is to pay the monies arising from fines, forfeited deposits, bail bonds and recognizances taken for appearances, assessed and collected since August 31, 1939 for offenses arising under the Liquor Control Laws?

Any money arising pursuant to this question should be distributed by the municipality as provided by §6064-59 GC., i. e., one-half to the State and the one-half provided to be paid to the County, to be paid instead to the Trustees of Law Library Association. The direction to pay to County Treasurer as provided by §6064-59 GC, effective December 23, 1933, is superseded by §3056-3 until the sum paid the Law Library Association has reached the sum of $1200.00.

FOURTH: To whom should the Mayor of the City of Greenville pay the monies arising from fines, forfeited deposits, bail bonds and recognizances taken for appearances and assessed and collected since August 31, 1939 for offenses under the State Traffic Laws?

(a) Where arrests by local policemen;

(b) Where the arrests were made by State Highway Patrolmen.

32

The court construes the above question in connection with (a) as follows: . 50% to the Trustees of the Law Library Association and 50% to the County Treasurer; (b), where arrests are made by State Highway Patrolmen, 50% to State and 50% to Trustees of Law Library Association. In so far as §1181-5 GC is inconsistent herewith it is repealed by implication by §3056-3.

FIFTH: To whom the Mayor of Greenville is to pay monies arising from fines, forfeited deposits, bail bonds and recognizances taken for appearances assessed and collected since August 31, 1939 for offenses which do not arise out of the Liquor Control Laws, or the State Traffic Laws?

The answer to this question is found in §3056 GC, which provides that all monies collected by a Municipal Corporation in prosecutions etc., brought in the name of the municipality under a penal ordinance thereof where there is in force a state statute under which the offense might be prosecuted, or prosecuted in the name of the state, shall be paid to the Trustees of the Law Library Association until such time as the limits provided for in §3056 have been reached. The City of Greenville, Ohio, not having a Municipal Court that part of the section is inapplicable which provides for deductions being made.

SIXTH: What disposition is to be made of monies arising from fines, forfeited deposits, bail bonds and recognizances taken for appearance, assessed and collected since August 31, 1939 for offenses named in the petition, to be paid by the Mayor of the City of Greenville to the defendant County Treasurer, and the portion that is to be paid by the County Treasurer, to the Trustees of the Plaintiff Association?

The Mayor is directed to pay all monies, which would otherwise be paid to the County Treasurer, direct to the Trustees of the Law Library Association until the amounts provided for in §§3056 and 3056-3 have been reached.

SEVENTH: What is the disposition to be made of monies paid by the Mayor of the City of Greenville to the Treasurer of the City of Greenville, money arising out of fines, etc. since August 31, 1939?

It is the duty of the municipality to make payments as provided for herein. If the Mayor has paid monies to the Treasurer it then becomes the duty of the Treasurer to pay the money to the proper party.

EIGHTH: What disposition to be made of money paid to the Treasurer of Darke County, Ohio by the Clerk of Common Pleas Court and various Justices' Courts for offenses under the State Traffic and State Liquor Laws, said amounts so paid being 50% of the amount of the fines assessed?

It is the opinion of the court that the entire sums so paid are to be paid by the Treasurer of the County to the Trustees of the Law Library Association.

NINTH: This question having been fully covered in the foregoing, no separate finding is made with reference to the ninth request.

An entry may be drawn in accordance with this finding of the Court.

Costs taxed against plaintiff.