**STATE, Plaintiff-Appellee, v. HALE, Defendant-Appellant.**

Ohio Appeals, Second District, Miami County.

No. 499.    Decided December 14, 1955.

James J. DeWeese, Pros. Atty., Troy, for plaintiff-appellee.
Forrest L. Blankenship, Troy, for defendant-appellant.

## OPINION

By HORNBECK, J:

This is an appeal from judgment and sentence of defendant on his conviction by a jury of a charge of operating a motor vehicle while under the influence of intoxicating liquor, contrary to §4511.19 R. C.

Nine errors are assigned, the first of which is:

"Error in overruling of the Second Branch of the motion of defendant for Bill of Particulars stating the nature and quantity of intoxicating liquor intended to be proved as consumed by defendant accused."

The eighth assignment is:

"Error in submitting an improper form of verdict for the use of the jury, and in receiving and entering the verdict upon re-submission."

The ninth is:

"General exception to other errors of law than those specifically assigned in the other eight grounds."

The other assignments of error, 2, 3, 4, 5, 6 and 7, in one form or another challenge the interpretation by the trial judge of the charge against the defendant, the type and quantity of proof to justify a conviction, the interpretation of §4301.01 R. C., with particular reference to §4511.19 R. C., under which the information was drawn, and the interpretation of the term "intoxicating liquor."

The information follows the language of §4511.19 R. C., which provides:

"No person who is under the influence of intoxicating liquor, * * * shall operate any vehicle, * * * within this State."

The state in its behalf introduced the testimony of four witnesses; two policemen of the City of Troy, a State Patrolman and a Deputy Sheriff of the County of Miami. They testified that the defendant was driving the car from which he was taken, and three of them state that, upon observation, it was noted that his hair was mussed, eyes bleary, speech thick, breath heavy with alcohol, he staggered and used abusive and profane language toward the three officers, other than the State Patrolman. These three officers said that, in their opinion, at the time defendant was arrested or soon thereafter he was under the influence of intoxicating liquor. After defendant had been taken to jail, the officers found upon search of his car, under the right front seat, a four-fifths quart of liquid marked "Kentucky Gentlemen." "Kentucky Straight Bourbon Whiskey," with four to five ounces missing therefrom and the cork removed from the bottle. No officer saw defendant drink any liquor and none of them volunteered information of what liquor he had drank except that his breath was heavy with alcohol.

On the day before the trial date, defendant moved that the Prosecutor be required to give him a Bill of Particulars. Although the court noted that, in probability, the motion was not seasonably presented, he entertained it. Thereupon, the Prosecutor indicated that the State's proof would show the time when it was claimed the offense was committed, the name of the car in which defendant was riding, and its license number. The second branch of the motion was the request that:

"The nature, description, identity and particularly, the alcoholic content of the intoxicating liquor, together with the amount of same, of influence upon the defendant at the time and place of the transaction or occurrence as claimed and referred to in the short form information in this case."

The Prosecutor stated his witnesses did not know what the defendant drank, except that in their opinion he was intoxicated and therefore he drank intoxicating liquor; they were not in a position to prove how much he drank, although they expected to show that he was under the influence of intoxicating liquor.

After considerable discussion, counsel for defendant said:

"Perhaps I don't understand the Court clearly. Do I understand that the Court feels it would be possible, upon proof that the defendant had nothing more to drink that 3.2, that the defendant could be under the influence of intoxicating liquor?"

"THE COURT: That's right."

The court then informed counsel that in his opinion, §4301.01 R. C. defining intoxicating liquor, although it included all liquids and compounds containing more than 3.2% alcohol by weight, did not thereby intend to exclude all liquids below that content as intoxicating liquor.

The respective theories of counsel for the defendant and the court are projected into the rulings, the admission and rejection of testimony, the refusal to give defendant's special charge and the general charge, all of which are subject to exceptions by defendant and carried into the assignments of error.

Pertinent parts of §4301.01 R. C. are:

"(A) As used in the sections of the Revised Code:

"(1) 'Intoxicating liquor' and 'liquor' include all liquids and compounds containing more than three and two-tenths per cent of alcohol by weight which are fit to use for beverage purposes, from whatever source and by whatever process produced, by whatever name called and whether or not the same are medicated, proprietary, or patented. Such phrase includes alcohol and all solids and confections which contain any alcohol."

The theory of defendant, as we interpret it, is that 3.2 beer is not intoxicating liquor, and therefore no matter how much 3.2 beer a person drank, he could not be under the influence of intoxicating liquor because it was not intoxicating in law and, therefore, could not be held to be intoxicating in fact. That the prosecutor, to sustain a conviction, no matter what the state or condition of defendant when arrested, must further prove that it was not caused by the drinking of 3.2 beer.

By the cross-examination of the State's witnesses, defendant attempted to prove that if defendant had anything to drink, it may have been restricted to 3.2 beer. None of these witnesses knew the content of the alcohol which they detected on defendant's breath. The defendant did not take the stand to deny that he was intoxicated when arrested, to assert that he drank nothing but 3.2 beer, or to account in any other manner for his condition.

Inasmuch as proof that defendant was under the influence of liquor, viz.; alcohol, was made beyond doubt, if the State's witnesses are to be believed, if defendant's contention that 3.2 beer is, as a matter of law, non-intoxicating, the question as to burden of proof and upon whom it devolves would, indeed, be interesting. However, the whole question may be resolved in favor of the rulings of the trial judge for the reason that §4301.01 R. C., wherein it defines "intoxicating liquor" has no application to the charge in this case.

The misapprehension of the scope of §4301.01 R. C. arises by reason of the first sentence thereof: "(A) As used in the sections of the Revised Code." This sentence, standing alone, permits of the construction that the definition of "intoxicating liquor" which follows should be given

application in all sections of the Revised Code. However, all the uncertainty by reason of the foregoing sentence (A) is cleared up by an appreciation of the purpose of the Revised Code, as stated in the declaration of legislative intent found in §1.24 R. C.:

"That in enacting this act it is the intent of the General Assembly not to change the law as heretofore expressed by the section or sections of the General Code in effect on the date of enactment of this act. The provisions of the Revised Code relating to the corresponding section or sections of the General Code shall be construed as restatements of and substititued in a continuing way for applicable existing statutory provisions, and not as new enactments."

Sec. 4301.01 R. C. is a revision of §6064-1 GC, which reads:

"This act shall be known and may be cited as the liquor control act. As used in and for the purposes of this act: The phrase 'intoxicating liquor' includes any and all liquids and compounds containing more than 3.2 per centum of alcohol by weight and are fit for beverage purposes, * * *." (Emphasis ours.)

It thus becomes manifest that the definition of "intoxicating liquor," as found in §4301.01 R. C., is restricted to The Liquor Control Act and has no reference to or application to any other section of the Code, civil or penal.

The cases cited by the parties discussing the intoxicating nature of 3.2 beer were restricted to The Liquor Control Act, **Akron v. Scalera, 28 Abs 490,** affirmed **135 Oh St 65; State v. Davis, 132 Oh St 308; Kauffman et al v. City of Paulding, 49 O. O. 288; State v. Liquor Dept., 129 Oh St. 185.** See also the well written opinion by Judge Brumbaugh of the Common Pleas Court of Darke County; **Greenville Law Library Association v. Taylor et al., 35 Abs 30.**

The other assignment of error relates to proceedings respecting verdicts submitted to the jury. The jury having considered the case returned with a verdict upon a form submitted to it. The trial judge, upon examination of the verdict, found that it was improper in that it did not conform to the charge in the information. This error was explained to the members of the jury, proper forms of verdict were presented to them, and they were directed to retire for further deliberation and later returned with their verdict of guilty in the proper form. There was no doubt of the charge in the information upon which defendant went to trial, the trial judge instructed the jury respecting the elements of this charge. The action taken by the trial judge was authorized by §11420-10 GC. See also **39 O. Jur. 1124.**

We find no error assigned well made.

The judgment will be affirmed.

MILLER, PJ, concurs.

WISEMAN, J, not participating.