**STATE, Plaintiff, v. MIKOLA, Defendant.**

County Court, Lucas County, District No. 6.

Decided November 23, 1959.

 

Terrence Hallett, Swanton, for defendant.

## OPINION

By GREEN, II, J.

The defendant was arrested by the State Highway Patrol and charged with "driving under the influence of intoxicating liquor" pursuant to §4511.19 R. C.

Though a good deal of evidence relating to the conduct of the defendant was introduced during the course of the hearing it was apparent that if indeed his driving was affected, such influence was induced by the consumption of beverages containing less than 3.2 per centum of alcohol by weight, the so-called "low power" or "3.2 beer."

In view of the conclusiveness of the above finding of fact the question to which this opinion directs itself is whether or not a beverage containing less than 3.2 per cent of alcohol by weight is an "intoxicating liquor" within the meaning of §4511.19 R. C., which statute in its entirety reads as follows:

"No person who is under the influence of intoxicating liquor, narcotic drugs, or opiates shall operate any vehicle, street car, or trackless trolley within this State."

So far as we are able to determine the only statutory definition of intoxicating liquor in the Revised Code is found in §4301.01 R. C., which, to the extent that it is pertinent to the discussion of the issue at hand reads as follows;

"(A) As used in the sections of the Revised Code:

"(1) 'Intoxicating Liquor' and 'liquor' include all liquids and compounds, containing more than three and two-tenths per cent of alcohol by weight which are fit to use for beverage purposes, from whatever source and by whatever process produced, by whatever name called and whether or not the same are medicated, proprietary, or patented. Such phrase includes alcohol and all solids and confections which contain any alcohol.

"(2) Except used in §§4301.01 to 4301.52, inclusive 4301.56, 4301.70, 4301.72 and 4303.01 to 4303.36, inclusive, R. C., 'sale' and 'sell' include exchange, barter, gift, offer for sale, sale, distribution and delivery of any kind, and the transfer of title or possession of beer and intoxicating liquor either by constructive or actual delivery by any means or devices

whatever. Such terms do not include the mere solicitation of orders for beer or intoxicating liquor from the holders of permits issued by the department of liquor control authorizing the sale of the same, but no solicitor shall solicit any such orders until he has been registered with the department pursuant to §4303.25 R. C.

"(3) 'Vehicle' includes all means of transportation by land, by water, or by air, and everything made use of in any way for such transportation.

"(B) As used in §§4301.01 to 4301.74 inclusive, R. C.:

"(1) 'Alcohol' means ethyl alcohol, whether rectified or diluted with water or not, whatever its origin may be, and includes synthetic ethyl alcohol. Such term excludes denatured alcohol and wood alcohol.

"(2) 'Beer' includes all malt beverages containing one half of one percent or more of alcohol by weight but not more than three and two-tenths per cent of alcohol by weight.

"(3) 'Malt liquor' or 'malt beverage' includes all brewed or fermented malt products containing more than three and two-tenths per cent of alcohol by weight and not more than seven per cent of alcohol by weight. * * *"

Sub-paragraph (1) of paragraph A of §4301.01 R. C., defining "intoxicating liquors" and "liquor," and sub-paragraph (2) of paragraph (B) of the same section obviously draw a distinction between an "intoxicating liquor" and "beer"; a distinction based upon the alcoholic content of the beverage involved.

Intoxicating liquor is defined as any liquid containing more than 3.2 per cent of alcohol by weight which is fit to use for beverage purposes and beer as any malt beverage containing one-half of one per cent or more of alcohol by weight but not more than 3.2 per cent of alcohol by weight.

The language of both definitions is identical with the wording of §6064-1 GC, from which the present §4301.01 R. C., was in part derived.

The Supreme Court of Ohio and the Court of Appeals of Paulding County have decreed that "beer" as it is defined by the present language of the statute is not an intoxicating liquor as that phrase is defined by §4301.01 (A) (1) R. C., City of Akron v. Scalera, 135 Oh St 65, 13 O. O. 376, Kaufman v. Paulding, 92 Oh Ap 169, 49 O. O. 288. Admittedly the cited cases define the language of the General Code, however the present wording of the Revised Code, in so far as it is pertinent is identical to that of §6064-1 GC, and in accordance with §1.24 R. C., must be given the same interpretation.

In view of the above citations one must conclude that the phrase "intoxicating liquor" as defined in sub-paragraph (1) of paragraph (A) of §4301.01 R. C., is confined exclusively to beverages containing more than 3.2 per cent of alcohol by weight, or conversely, that the so-called "low power" or "3.2 beers" containing less than the stated alcoholic content are not intoxicating liquors by this definition.

The only question then remaining is whether or not this definition of intoxicating liquor is applicable to the similar phrase found in §4511.19 R. C. A cursory reading of §4301.01 R. C., must lead one to the obvious conclusion that the definition of intoxicating liquor contained

therein must be applicable not only to the Liquor Control Act but to all instances where that phrase is used in the Revised Code, including §4511.19 R. C. The reader will note that §4301.01 R. C., is divided into two sub-headings. The definitions contained in **paragraph (A)** would seem to be modified by the initial language the paragraph which reads as follows: "As used in the sections of the Revised Code:," while the remaining definitions are modified by the initial language of **paragraph (B)** which limits their application to §§4301.01 to 4301.74 inclusive, R. C.

Without further authority one would obviously conclude that the definition of intoxicating liquor contained in §4301.01 R. C., would be applicable to all sections of the Revised Code including §4511.19 R. C. Our attention however has been directed to an opinion of the Court of Appeals of Miami County which casts considerable doubt upon the applicability of the above definition of intoxicating liquor to sections of the Revised Code other than those contained in **Chapter 4301** of the Revised Code. To our knowledge this decision, announced in 1955 in **State v. Hale, 74 Abs 274,** is the only reported case in the State of Ohio bearing upon the extent of the application of the definition of intoxicating liquors as stated in §4301.01 R. C.

The Court, after a discussion of the history of the section in question concluded that the definition of intoxicating liquor as found in §4301.01 R. C., is applicable only to the Liquor Control Act, and has no reference or application to any other section of the code, civil or penal, and therefore can not be said to define that language in a charge of operating a motor vehicle while under the influence of intoxicating liquor.

The Court in arriving at its decision looked first to §6064-1 GC of which §4301.01 R. C., is a revision. The first paragraph of the General Code section, reads in part as follows:

"This act shall be known and may be cited as the Liquor Control Act. **As used in and for the purpose of this act:** The phrase 'intoxicating liquor' includes any and all liquids and compounds containing more than 3.2 per centum of alcohol by weight and are fit to use for beverage purposes * * *." (Emphasis ours.)

In as much as §1.24 R. C., declares that the intention of the legislature in enacting the Revised Code was not to announce or enact new Legislation but merely to re-state the language of the General Code, the Court apparently concluded that the opening sentence of **paragraph (A)** of §4301.01 R. C., extending the definitions in such paragraph to all sections of the Revised Code was either misleading or incorrect language imposed upon the section by the revisers.

Under ordinary circumstances we would hesitate to question the authority of such a distinguished Court, however we have been apprised of a recent article which appears on page 836 of Volume 32 of the Ohio Bar dated October 12th, 1959, under the pen of the Honorable James L. McCrystal of Sandusky, Ohio, entitled, "Intoxicating Liquor under the Motor Vehicle Act" which takes exception to the interpretation of the Court in State v. Hale. We find the sense of Judge McCrystal's comments very compelling.

**Sec. 4301.01 R. C.,** is not, as the Court in the Hale case implied, solely

a revision of §6064-1 GC, but is in fact a derivation of §§6064-1 and 6064-53 GC. The latter section, when read in conjunction with §6064-1 GC, provides ample authority for the language of the first sentence of §4503.01 R. C. Sec. 6064-53 GC, in its entirety reads as follows:

"Definitions. In the interpretation of the provisions of the General Code of Ohio, other than this act, the word 'liquor' and the phrase 'intoxicating liquor' shall be construed to have the meaning assigned to the phrase 'intoxicating liquor' by §6064-1 GC. As used in the succeeding sections of the liquor control act and in the interpretation of the provisions of the General Code of Ohio relating to intoxicating liquor, other than this act:

" 'Sale' and 'sell' include exchange, barter, gift, offer for sale, sale, distribution and delivery of any kind, and the transfer of title or possession of beer and intoxicating liquor either by constructive or actual delivery by any means or devices whatsoever. 'Sale' and 'sell' shall not, however, include the mere solicitation of orders for beer or intoxicating liquor from the holders of permits issued by the department of liquor control authorizing the sale of the same, but it shall be unlawful to solicit any such orders until such solicitor shall have been registered with the department of liquor control pursuant to §6064-14 GC.

" 'Vehicle' includes all means of transportation by land, by water, or by air, and everything made use of in any way whatsoever for such transportation."

In light of this language it is obvious that prior to the enactment of the Revised Code the definition of the words "intoxicating liquor" as they were defined by §6064-1 GC, and construed by the Courts of Ohio must of necessity be applicable to the entire General Code wherever such phrase may appear and by virtue of the intent of the legislature as expressed in §1.24 R. C., must be deemed to be the construction of the present §4301.01 R. C.

In view of the inexorable logic of the legislative enactments cited above we must respectfully disagree with the conclusions of the Court expressed in State v. Hale. In our judgment the definition of intoxicating liquor in §4301.01 R. C., is applicable to that phrase as stated in §4511.19 R. C.; consequently persons whose driving ability has been affected through the imbibing of beverages whose alcoholic content is less than 3.2 per cent by weight, regardless of the extent of such affect, may not be considered to be under the influence of intoxicating liquors and thus are immune from convictions under §4511.19 R. C.

We are not unaware of the serious problems which may be raised by this judgment particularly as it relates to the quantum of proof necessary to be presented by the State in order to sustain its burden in a criminal case. These questions however are not before us and we will leave their eventual solution to future polemicist.

We cannot render judgment however without being considerably disturbed, for though our duty, in light of the legislative enactments is clear the result is obviously absurd. Common experience tells us that ones facilities and judgment can be equally impaired by the consumption of so-called "3.2 beer" or whiskey and render the driver equally as dangerous.

Ben Johnson, when told that a particular fact was true because it was the law is said to have replied, "Then sir, the law is an ass." The decision of this Court may well be cited as authority for his observation.

We can only hope that this apparent legislative confusion is corrected in the near future.