CINCINNATI (CITY), PLAINTIFF, *v.* McBRAYER, DEFENDANT.

Cincinnati Municipal Court, Criminal Division.

No. T76692. Decided March 5, 1962.

*Mr. Paul Gorman,* for the city of Cincinnati.
*Messrs. Goodman & Goodman,* for defendant.

BETTMAN, J. This matter is before the Court on Defendant's Motion for a New Trial. Defendant was found guilty by a jury of operating a motor vehicle while under the influence of intoxicating liquor in violation of Sec. 506-1 of the Ordinances of the City of Cincinnati.

The basis of Defendant's motion is that the Court failed to charge the jury that the definition of intoxicating liquor was, as set out in Section 4301.01, Revised Code, "a liquid fit for beverage purposes containing more than 3.2% alcohol." Counsel for defendant had requested that the Court so charge and took due exception to the Court's charge, that for the purpose of the interpretation of Ordinance Sec. 506-1 "intoxicating liquor" meant any beverage with an alcoholic content.

In the absence of any City Ordinance defining "intoxicating liquor," the State Statutes must be considered as controlling.

Three cases have been decided in Ohio on this issue: *State v. Hale,* 74 Ohio Law Abs., 274 (1955), by the Court of Appeals of the Second District; *State v. Mikola,* 12 Ohio Opinions (2d), 25 (1959), by the County Court of Lucas County; and, *State v. Fields,* 176 N. E. (2d), 845 (1960), by the Court of Appeals of

Brown County. Both Courts of Appeals held that the definition of intoxicating liquor given in Section 4301.01, Revised Code, was restricted to the Liquor Control Act, and had no reference to or application to any other section of the Code. The *Fields* case specifically held that the failure of the trial judge to give this definition in his charge was not error. The *Mikola* case held to the contrary.

None of these decisions is binding on this Court. The Appellate decisions are certainly entitled to the most careful consideration. This the Court has given them. On analysis however the logic of these two decisions does not stand up.

Fully cognizant of the rather ridiculous situation created by a finding that intoxicating liquor means something stronger than "3.2" beer in a driving under the influence case, this Court cannot escape from the reasoning of the *Mikola* case. Regardless of what a Court feels the Legislature should have said, there is no question that it is bound by what the Legislature did say, where it is said in clear and unambiguous language.

There seems little point in restating the Judge's analysis of the applicable law in the *Mikola* case. A few points, however, might be emphasized. First, Section 4301.01, Revised Code, reads:

"(A) As used in *the sections of the Revised Code*: (1) 'Intoxicating liquor' and 'liquor' include all liquids and compounds containing more than three and two-tenths per cent of alcohol by weight which are fit to use for beverage purposes, * * *." (Emphasis added.)

Although this section is found in Chapter 4301, Revised Code, entitled "Liquor Control Law," the legislative body did *not* say "as used in this chapter." It said, "as used in the sections of the Revised Code." The Court cannot write into the Law what it knows should be there.

Secondly, there can be absolutely no question, on the basis of the comparative section table contained in the Appendix to the Revised Code that Section 4301.01, Revised Code, is the comparative section for both Section 6064-1 and 6064-53, General Code. This reinforces the conclusion that the definition of intoxicating liquor given in Section 4301.01, Revised Code, was intended (where intent must be gathered from the words,

as it must) to apply to all sections of the Revised Code. One can only guess what the legislators had in mind when they enacted Section 6064-53, General Code. What they said was:

"In the interpretation of the provisions of the General Code of Ohio, *other than this act* (the Liquor Control Act) the word 'liquor' and the phrase 'intoxicating liquor' shall be construed to have the meaning assigned to the phrase 'intoxicating liquor' by Section 6064-1, General Code." (Emphasis added.)

Under these circumstances, how can one say that the definition of intoxicating liquor, as found in Section 4301.01, Revised Code, is restricted to the Liquor Control Act, when the original enactments say in so many words that it applies not only to the Liquor Control Act but to all other sections of the Code as well?

This Court finds no escape from the conclusion that, whatever the Legislature had in mind, it said that intoxicating liquor as used in all sections of the Law means a beverage containing more than 3.2% alcohol.

The Court has therefore concluded that it erred in failing to so charge the jury and Defendant's Motion for a New Trial is well taken.